## ·PLANT v. RITTER et al.

No. 2838. · Decided February 7, 1916.    (155 Pac. 426.)

1. EVIDENCE—PAROL EVIDENCE—CREDITOR'S ATTACK—DEED—CONSIDERATION. Where plaintiff sought to set aside a deed between defendants on the ground that plaintiff had obtained a judgment against defendant creditor who had no property subject to execution, and that such defendant fraudulently conveyed the real estate to defendant grantee, his sister, parol evidence by defendant grantee was admissible to show the actual consideration she paid for the property in contradiction of the consideration expressed in the deed. ` (Page 507.)

2. APPEAL AND ERROR — FRAUDULENT CONVEYANCE — FINDING — REVIEW. The court's findings that there was no fraud in the transaction between defendants and that the consideration paid was adequate, will not be reviewed where there was evidence to sustain such findings, and the relationship between all the parties was such as to make it difficult to determine from the record evidence alone where the real truth lay, though an inspection of the record might justify a conclusion different from that arrived at by the trial court. (Page 508.)

Appeal from District Court, Third District; *Hon. George G. Armstrong,* Judge.

Suit by Letitia Plant against Benjamin E. Ritter and Nettie Newcomer.

Judgment dismissing plaintiff's complaint. Plaintiff appeals.

AFFIRMED.

*J. E. Darmer, C. S. Varian, M. E. Wilson* and *J. C. Wood,* for appellant.

*J. H. Hurd,* for respondents.

FRICK, J.

This was a proceeding in equity in the nature of a creditors' bill. The plaintiff in her complaint, in substance, alleged

that she had obtained a judgment against the defendant Benjamin F. Ritter; that the same was in full force and unsatisfied, and that said Ritter had no property subject to execution; that he had fraudulently conveyed a certain parcel of real estate which is described, to the defendant Nettie Newcomer, his sister; that said Nettie Newcomer had obtained the title to said real estate through fraud, and that she is a voluntary grantee thereof, and holds the title thereto in trust for said Ritter.

Nettie Newcomer answered the complaint, and denied the allegations thereof, and set up facts to the effect that she had a good and lawful title to the real estate in question. She also pleaded the statute of limitations in bar of the action. Ritter, in a separate answer, also denied the alleged fraud.

A trial to the court resulted in findings of fact and conclusions of law in favor of the defendant, upon which the court entered judgment dismissing the complaint. The plaintiff appeals. The court also found and adjudged that the action was barred.

The findings of the court are assailed as not being supported by the evidence. It is also assigned that the court erred in admitting parol evidence by which the defendant Nettie Newcomer was permitted to show the actual consideration 1 passing between her and said Ritter, the grantor in said deed. In the deed the consideration was stated thus: "One dollar ($1.00) and other good and valuable consideration." Counsel for appellant now contend that the defendants were limited to the $1 mentioned in the deed; that such a consideration was merely nominal, which in law made the defendant Newcomer a voluntary grantee holding title to the real estate in question in trust for the defendant Ritter and subject to the payment of his debts. We cannot yield assent to counsel's contention.

While it is true that in the past there has been considerable diversity among the courts respecting the right of the parties to a deed in case it was assailed by a third person for fraud, or for any other reason, to show the actual consideration when only a nominal one was expressed in the deed, yet such views have practically all disappeared, and it is now quite

generally held that, inasmuch as an interested third person may always by parol evidence assail the consideration expressed in a deed in case of fraud, etc., the grantee may also prove the actual consideration passing between him and his grantor for the purpose of supporting the deed as a *bona fide* and valid grant both in law and equity. In 3 Jones Com. on Ev., Section 470, the author, in discussing the parol evidence rule respecting the consideration in deeds assailed for fraud, etc., says:

"We think, however, the true rule to be that it is admissible to repel an attack on a deed by evidence *aliunde* by like [parol] testimony; and, where a deed is assailed for fraud, in that a valuable consideration expressed in it did not pass between the parties, it is competent to show that another valuable consideration did exist, though not mentioned in the deed. In the language of the case which supports this view: 'The assailant of a conveyance for fraud may show the truth as to its consideration, whatever are its statements. He who is interested to uphold the conveyance is entitled to show the real consideration, in order to maintain it. Truth is the proper object of investigation, and both parties should stand on the same footing, and have equal opportunity to establish it.' "

The cases are collated in the footnotes to the section quoted from. True, some courts still differ with regard to whether a different kind or species of consideration may be shown from that expressed in the deed; that is, where a valuable consideration is expressed whether such a consideration as love and affection may be shown. We need not consider that phase of the case now, since it is not involved here.

We are clearly of the opinion that the court did not err in permitting the defendant Nettie Newcomer to show the actual consideration paid by her for the land conveyed in the deed in question.

The court's findings that there was no fraud in the transaction and that the consideration was legal and adequate are also assailed as not being supported by the evidence. The relationship of the parties to each other, as well as to the transaction, is such as to make it difficult for one to determine from the record evidence alone where the real truth lies. In order to show just what the evidence is, we would have to set forth practically all that was produced by the parties both for and against each proposition. This

we cannot do. It must suffice to say, therefore, that while from an inspection of the record alone one might arrive at a conclusion upon some phases of the case different from that arrived at by the trial court, yet there is ample evidence to sustain the court's findings. As before suggested by reason of some of the peculiarities of the parties and the evidence, it is somewhat difficult to determine the real weight to be given to certain parts of the testimony. The trial court was in a much better position to determine that question than we are. In interfering with the court's findings, therefore, it is easily possible that our conclusions would be farther from the real truth than are those of the trial court. Under such circumstances our judgment, to which the parties are entiled, is of but little value, and we should long hesitate before interfering with the trial court's findings and conclusions. We are persuaded that those findings and conclusions should prevail in this case.

In view of the foregoing, it is unnecessary to consider the defense of the statute of limitations, and upon that we express no opinion. For the reasons stated, the judgment is affirmed, with costs.

McCARTY, J., concurs.

STRAUP, C. J.

I concur. I, however, do not think the parol evidence rule to show the actual consideration of a deed is restricted to cases of fraud. I think it applicable even in the absence of fraud when the consideration is drawn in question (3 Jones, Com. Ev. Section 469), and when the consideration clause is of no greater effect than a separate receipt of money or thing of value which always is explainable by parol.